# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6034 | **DATE** | 4/6/2004 |
| **CASE TITLE** | MICHAEL REESE HOSPITAL, ET AL vs. TOMMY THOMPSON, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants motion to dismiss for lack of jurisdiction is granted. Enter Memorandum and Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | APR 7 2004 | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | /0 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| DW | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

DOCKETED
APR - 7 2004

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MICHAEL REESE HOSPITAL AND
MEDICAL CENTER a/k/a THE MICHAEL
REESE HEALTH TRUST and
STRATEGIC REIMBURSEMENT,

Plaintiffs,

v.

TOMMY THOMPSON, et al.,

Defendants.

No. 03 C 6034
Judge James B. Zagel

APR 7 2004

## MEMORANDUM OPINION AND ORDER

### I. Factual Background

Plaintiff Michael Reese Hospital and Medical Center ("Michael Reese") was a participating hospital provider under the Medicare program and as such was entitled to appropriate Medicare reimbursements. The amount of Michael Reese's reimbursements was calculated by its fiscal intermediary, Health Care Services Corporation ("HCSC"). At the end of each fiscal year, HCSC received a report of costs from Michael Reese, performed an audit of that report, and determined the appropriate amount of reimbursement owed.

Due to a change in Medicare's reimbursement policy, HCSC issued a Notices of Reopening and Amended Notices of Program Reimbursement to Michael Reese for the years 1986-1991. Michael Reese disagreed with HCSC's findings and promptly requested a hearing before the Provider Reimbursement Review Board ("PRRB"). On December 16, 1994, HCSC, HCSC's contractor Blue Cross and Blue Shield Association ("Blue Cross"), Michael Reese Hospital's subsequent owner Columbia Hospital Corporation of America ("CHA"), and Michael

Reese's agent Strategic Reimbursement Inc. ("SRI") agreed to meet and discuss settlement. During this meeting, the parties were able to reach an Administrative Resolution, which resolved the reimbursement dispute.

During the following months, HCSC moved toward implementing the Administrative Resolution. On March 24, 1995, HCSC's Manager of Audit Reimbursement sent a letter to CHA and SRI identifying amendments to the disputed costs report and indicating that the HCSC would make the agreed upon recalculations, and on November 1, 1995, HCSC issued the revised reimbursement calculations for the base year and implicitly all subsequent years. Michael Reese found these revised calculations to be consistent with the Administrative Resolution and allowed the appeal before the PRRB to lapse.

Michael Reese now claims that HCSC and its subsequent intermediary, AdminaStar Federal Inc. ("AdminaStar"), failed to properly implement the Administrative Resolution. Even though HCSC had agreed to reopen and adjust the cost reports, it never actually did so. On June 8, 1998, Michael Reese first requested that its cost reports be reopened and revised to comply with the Administrative Resolution. Michael Reese made two further requests in 1999 and 2000. Finally, in August 2001, AdminaStar responded to Michael Reese in a letter stating that AdminaStar would not revise the cost reports because it did not think the Administrative Resolution applied to the years 1986-1991. Michael Reese then requested that the Centers for Medicare and Medicaid Services ("CMS"), the entity responsible for determining the overall reimbursement to health services providers, intervene in the matter. In a letter dated July 7, 2003, CMS stated that it agreed with AdminaStar's denial and that it would not order AdminaStar to reopen the cost reports.

In response, Michael Reese commenced this action on August 2, 2003 seeking enforcement of the Administrative Resolution. In its three-count Complaint, Michael Reese bases jurisdiction on the Medicare Act and the Administrative Procedure Act ("APA"), on diversity of the parties, and on the Mandamus Statute. Defendant now moves to dismiss Michael Reese's claims for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

## II. Analysis

### A. Count I

In Count I of its Complaint, Michael Reese alleges that it has been subject to a final decision by the Secretary and is entitled to judicial review by the Medicare Act and the APA. Under the Medicare Act, providers who disagree with the reimbursement calculations made by intermediaries can seek review by the PRRB, which is empowered to affirm, modify, or reverse the intermediaries decision. 42 U.S.C. § 1395oo(a)-1395oo(d). If the provider is still dissatisfied with the final decision of the PRRB or of any reversal, affirmation, or modification made by the Secretary, it may seek judicial review. 42 U.S.C. § 1395oo(f)(1).

Michael Reese claims it exhausted this process with respect to its disputed reimbursement for the years 1985-1991. Michael Reese disagreed with HCSC's reimbursement calculation, sought review before the PRRB, and came to an Administrative Resolution on the amount in question. After reaching the Administrative Resolution, Michael Reese allowed its appeal before the PRRB to lapse because, in its view, the matter had been resolved. Michael Reese believed HCSC would abide by their agreement, open the cost reports, and change the reimbursement

amounts. This belief was furthered by a letter sent on November 1, 1995 by HCSC indicating that it was in the process of reopening and readjusting the reimbursement.

For reasons which were probably unrelated to Michael Reese, HCSC did not implement the Administrative Resolution. In the years between 1998 and 2001, Michael Reese sought implementation of the Administrative Resolution first from HCSC and then from its replacement AdminaStar.[1] No response was made until 2001 when AdminaStar stated it would not reopen the cost reports because it did not believe the Administrative Resolution applied to the years 1986-1991. Michael Reese appealed to CMS who affirmed AdminaStar's refusal to reopen and adjust the cost reports. Michael Reese claims that CMS's refusal was a final agency action and triggered Michael Reese's right to judicial review under § 1395oo(f)(1) and the APA.

The Defendant disagrees arguing instead that CMS's response was not a final agency action and that Michael Reese had failed to exhaust its administrative remedies. Despite notices sent out by the PRRB in 1996, Michael Reese did not file its position papers causing its appeal to lapse. The Defendant argues that a diligent provider would have become concerned about the HCSC's failure to implement the Administrative Resolution by mid-1996, which was nearly 1½ years after the parties reached their agreement and six months after their last communication, and would not have allowed its appeal to lapse.

Michael Reese claims this is a "red herring" because the PRRB, by its own admission, does not have the authority to enforce Administrative Resolutions. *See Home Care PRN, et al. V. BCBS Associated Hospital Services,* PRRB Decision 2004D-1, Oct. 14, 2003. Because no

---

[1] In 1997, HCSC was replaced by a series of intermediaries. This undoubtedly lead to the intermediaries' slow response to HCSC.

such authority is vested in the PRRB, Michael Reese argues that the PRRB did not offer a viable administrative remedy. However, this is not entirely the case. While the PRRB did not have the power to enforce the Administrative Resolution, it did have the power to hear the dispute, independently decide the amount of reimbursement owed, and require the intermediary to reopen and adjust the cost reports in accordance with its decision. This may not have been the settlement enforcement that Michael Reese was looking for, but it was a remedy nonetheless.

Michael Reese's argument that it exhausted the review process after coming to the Administrative Resolution does make a certain amount of sense when viewed in terms of American law. Under the American judicial system, when parties involved in litigation reach a settlement agreement, the original suit is terminated. If one of the parties breaches the agreement, the aggrieved party then brings a new and separate enforcement action. This, however, is not the system of dispute resolution established in the Medicare Act by Congress. Under the Medicare Act, an Administrative Resolution does not terminate the PRRB's proceedings. Michael Reese's PRRB appeal remained active for over a year after the parties had reached the Administrative Resolution and only lapsed because Michael Reese allowed it to do so. If Michael Reese's appeal had continued, the PRRB would have discarded the terms of the Administrative Resolution and would have made its own findings. This indicates that an Administrative Resolution carries with it neither the finality nor authority of a typical settlement agreement.

In § 1395oo(f)(1), Congress laid out specific administrative channels a dissatisfied provider must go through before that provider is entitled to judicial review. The statute clearly states that an aggrieved provider must take its case to the PRRB or be subject to a final action by

5

the Secretary (or CSM) before it is entitled to judicial review. It is not enough for the parties to reach an Administrative Resolution. An Administrative Resolution does not carry with it the same weight and finality as a PRRB decision. Additionally, CMS's affirmation of AdminaStar's refusal to reopen Michael Reese's cost reports and implement the Administrative Resolution was not itself sufficient to constitute a final agency action.[2]

This may not seem like the "fairest" administrative process when compared to the general American legal system, but it is the process provided by Congress. The Medicare program may benefit from a change that would provide the PRRB with authority to enforce Administrative Resolutions or that would provide for judicial review for cases like this one. However, that is not for me to decide. Since Michael Reese did not exhaust its administrative remedies and did not receive a final agency action, this courts lacks subject matter jurisdiction over this case.

### B. Count II

As a preliminary matter, I must determine whether this case arises under the Medicare Act's provision for reviewing cost reimbursements. Michael Reese argues it does not. Instead, Michael Reese claims this case is simply a suit over the Secretary and AdminaStar's failure to abide by the Administrative Resolution, which, in Michael Reese's opinion, should be treated like any other settlement agreement. However, the alleged violation of the parties' Administrative Resolution must be viewed in its factual context. As seen above, the Administrative Resolution was born out of a dispute between Michael Reese and the Secretary's intermediary, HCSC, over Medicare reimbursements. Michael Reese disagreed with the

---

[2] In *Your Home Visiting Nurse Serv. v. Shalala*, 525 U.S. 449, 453 (1999) the Supreme Court held that CMS's affirmation of an intermediary's decision not to reopen a cost report does not constitute a final decision.

reimbursement calculated by HCSC and took advantage of the procedures provide for it in the Medicare Act by seeking review before the PRRB. At its heart, this is a dispute over Medicare reimbursements.

Since this case arises out of reimbursement under the Medicare Act, title 42 U.S.C. § 405(h) is applicable. Section 405(h), which has been incorporated into the Medicare Act, states that "no finding of fact or decision of the Secretary shall be reviewed by any person, tribunal, or government agency except as herein provided. No actions to recover on claims arising from the Medicare laws can be brought under § 1331 of Title 28, United States Code." Essentially, § 405(h) limits aggrieved providers to remedies provided for in the Medicare Act itself.

In Count II of its Complaint, Michael Reese attempts to assert jurisdiction based on diversity of the parties; Michael Reese is an Illinois Corporation and AdminaStar is an Indiana corporation. Diversity jurisdiction, however, is forestalled by § 405(h). The Seventh Circuit addressed this issue in *Bodimetric Health Serv. v. Aetna Life & Casualty,* 903 F.2d 480, 487 (7th Cir. 1990) and stated that suits against fiscal intermediaries were governed by § 405(h) because the real party at interest was the Secretary. *Id.* The Court held that plaintiffs could not avoid § 405(h)'s jurisdictional bar merely by styling its compliant as a breach of contractual relationship. *Id.*

Michael Reese attempts to avoid the Seventh Circuit's decision in *Bodimetric* by recouching its contract claims in terms of gross negligence, a claim for which the Secretary is not required to indemnify an intermediary. However, *Bodimeteric's* view of § 405(h)'s bar against diversity jurisdiction goes beyond actions in which the Secretary is required to indemnify its intermediaries. In *Bodimetric*, the Court looked closely at the legislative history of § 405(h) to

7

determine whether its current version barred diversity actions in general and found that it did. *Id.* at 489. As noted by the Court, diversity actions were prohibited under the original version of § 405(h) but are not explicitly prohibited by the revised version now in effect. *Id.* This would seem to imply that Congress had made a change to § 405(h)'s scope but for Congress's concurrent statement that the revision was merely technical and not meant to substantively affect § 405(h). *Id.* This concurrent statement led the Court to find that Congress intended the revised version of § 405(h) to contain the same bar against diversity actions as its prior version. *Id.* Thus, *Bodimetric* is applicable to diversity actions based on gross negligence in the same way it is to diversity actions based on breach of contract claims. Accordingly, I find that Michael Reese's state law claims are prohibited by § 405(h).

### C. Count III

In Michael Reese's third and final Count, it alleges jurisdiction under the Mandamus Statute, 28 U.S.C. § 1361. Mandamus relief is available where the plaintiff "has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer,* 466 U.S. 602, 616 (1984).[3] Michael Reese fails to meet the first, if not both, of these requirements. As discussed above, Michael Reese did not take its grievance to the PRRB and, therefore, did not exhaust all of its administrative remedies.

Additionally, it is not entirely clear that Defendants were bound by the terms of the Administrative Resolution. While it's true that parties in the judicial system are bound by their settlement agreements, this may not be true under Medicare's system. Aggrieved providers may enter into Administrative Resolutions with intermediaries, but there is no body under the

---

[3] Mandamus jurisdiction may also be barred by §405(h) but I need not reach that here.

Medicare system that has the power to enforce the agreements. From the way the system is set up, it is possible that Administrative Resolutions are suggestions to be followed and not agreement binding on both parties. In any case, I find that Michael Reese is not entitled to jurisdiction under the Mandamus Statute.

Defendants' Motion to Dismiss is GRANTED on jurisdictional grounds.

ENTER:

James B. Zagel
United States District Judge

DATE: APR 0 6 2004